# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-5377**

**September Term, 2020**

**1:20-cv-02945-UNA**

**Filed On:** April 19, 2021

Wayland Dee Kirkland,

        Appellant

    v.

Merrick B. Garland, Attorney General of the
United States of America, et al.,

        Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Rogers and Wilkins, Circuit Judges, and Sentelle, Senior Circuit
            Judge

### J U D G M E N T

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the brief filed by appellant, which contains a request
for appointment of counsel. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED** that the request for appointment of counsel be denied. In civil cases,
appellants are not entitled to appointment of counsel when they have not demonstrated
sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed
November 16, 2020, be affirmed. Appellant has not identified any error in the district
court's dismissal of the action because he has failed to show that the Attorney General
"has a clear duty to act," as required to obtain mandamus relief. Walpin v. Corp. for
Nat'l & Cmty. Servs., 630 F.3d 184, 187 (D.C. Cir. 2011) (internal quotation marks
omitted); Citizens for Responsibility & Ethics in Wash. v. Trump, 924 F.3d 602, 605
(D.C. Cir. 2019); see also Heckler v. Chaney, 470 U.S. 821, 831 (1985) ("[A]n agency's
decision not to prosecute or enforce, whether through civil or criminal process, is a
decision generally committed to an agency's absolute discretion."). Nor has appellant
challenged the district court's determination that he failed to set forth any discernible
legal claims for relief against the remaining appellees.

**No. 20-5377**                           **September Term, 2020**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk